UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DANNY LEE FOSTER,                )
                                 )   No. CV-12-00076-CI
        Plaintiff,               )
                                 )   ORDER GRANTING DEFENDANT'S
v.                               )   MOTION FOR SUMMARY JUDGMENT
                                 )
CAROLYN W. COLVIN, Commissioner  )
of Social Security,[1]           )
                                 )
        Defendant.               )
                                 )
                                 )

        BEFORE THE COURT are cross-motions for Summary Judgment.  ECF

No. 20, 23.  Attorney Rebecca M. Coufal represents Danny Lee Foster

(Plaintiff); Special Assistant United States Attorney Daniel E.

Burrows represents the Commissioner of Social Security (Defendant).

The parties have consented to proceed before a magistrate judge.

ECF No. 6.  After reviewing the administrative record and briefs

filed by the parties, the court **GRANTS** Defendant's Motion for

Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

        [1]Carolyn W. Colvin became the Acting Commissioner of Social

Security on February 14, 2013.  Pursuant to FED. R. CIV. P. 25(d),

Carolyn W. Colvin is substituted for Michael J. Astrue as the

Defendant in this suit. No further action need be taken to continue

this suit.  42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

**JURISDICTION**

On June 18, 2009, Plaintiff filed an application for supplemental security income, alleging disability beginning July 27, 2004. Tr. 11; 149. Plaintiff reported that he stopped working due to depression and anxiety. Tr. 82; 442. Plaintiff's claim was denied initially and on reconsideration, and he requested a hearing before an administrative law judge (ALJ). Tr. 82-104. A hearing was held on June 25, 2010, at which medical expert Ronald M. Klein, Ph.D., and Plaintiff, who was represented by counsel, testified. Tr. 590-639. ALJ R.J. Payne presided. Tr. 588. At the hearing, Plaintiff agreed to amend the onset date to the date of filing for the application. Tr. 590-91. The ALJ denied benefits on July 8, 2010. Tr. 11-22. The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF THE CASE**

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here.[2] At the time of the hearing, Plaintiff was 52 years old. Tr. 149. He has a GED and training as an electrician's helper. Tr. 261; 627-29. Plaintiff has work experience as a fertilizer mixer and bagger, a teacher's

---

[2]In 2007, Plaintiff previously filed an unsuccessful claim for SSI benefits. *Foster v. Astrue*, 2011 U.S. Dist. LEXIS 51672, 2011 WL 1807426 (May 11, 2011). Defendant mistakenly referenced that administrative hearing, occurring on December 9, 2008 (Tr. 37-63), instead of the hearing related to the present claim, occurring on June 25, 2010 (Tr. 590-639), in parts of the analysis and argument. ECF No. 24 at n.1.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

assistant, an electrician helper, a stacker and laborer, and a
garbage collector. Tr. 145-46; 153.  Plaintiff alleges depression
and anxiety related disorders.  Tr. 82; 442.  Plaintiff was laid off
from his last job when he received a DUI.  Tr. 614-15.  He started
using drugs at the age of 13 and had long history of self-medicating
with drugs and alcohol.  Tr. 261-62.  Plaintiff said he no longer
uses street drugs and rarely imbibes.  Tr. 261-62; 631.

### ADMINISTRATIVE DECISION

At step one, ALJ Payne found that Plaintiff had not engaged in
substantial gainful activity since June 18, 2009.  Tr. 13.  At step
two, he found Plaintiff had the severe impairment of dysthymic
disorder, drug induced mood disorder, and personality disorder.  Tr.
13.  At step three, the ALJ determined Plaintiff's impairments,
alone and in combination, did not meet or medically equal one of the
listed impairments in 20 C.F.R., Subpart P, Appendix 1 (20 C.F.R.
§§ 416.920(d), 416.925 and 416.926).   Tr. 18.   The ALJ found
Plaintiff has the residual functional capacity ("RFC") to perform a
full range of work at all exertional levels but with the following
nonexertional limitations:

> Due to moderate limitations in the ability to interact
> appropriately with the general public, accept instructions
> and respond appropriately to criticisms from supervisors,
> and get along with coworkers or peers without distracting
> them or exhibiting behavioral extremes, the claimant
> should work solo and supervisors should be advised of his
> tendencies.  For the first 30-60 days on a job, he should
> have DVR (Division of Vocational Rehabilitation) follow
> up.

Tr. 19.

In step four findings, the ALJ found Plaintiff's statements
regarding pain and limitations were not credible to the extent they
were inconsistent with the RFC findings.  Tr. 20.  The ALJ found

1  that Plaintiff is capable of performing past relevant work as an

2  electrician's helper and laborer.  Tr. 22.

3                     **STANDARD OF REVIEW**

4      In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the

5  court set out the standard of review:

6          A district court's order upholding the Commissioner's
           denial of benefits is reviewed de novo. *Harman v. Apfel*,
7          211 F.3d 1172, 1174 (9th Cir. 2000).  The decision of the
           Commissioner may be reversed only if it is not supported
8          by substantial evidence or if it is based on legal error.
           *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).
9          Substantial evidence is defined as being more than a mere
           scintilla, but less than a preponderance.  *Id.* at 1098.
10         Put another way, substantial evidence is such relevant
           evidence as a reasonable mind might accept as adequate to
11         support a conclusion.  *Richardson v. Perales*, 402 U.S.
           389, 401 (1971).  If the evidence is susceptible to more
12         than one rational interpretation, the court may not
           substitute its judgment for that of the Commissioner.
13         *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of
           Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

14
           The ALJ is responsible for determining credibility,
15         resolving conflicts in medical testimony, and resolving
           ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th
16         Cir. 1995).  The ALJ's determinations of law are reviewed
           *de novo*, although deference is owed to a reasonable
17         construction of the applicable statutes. *McNatt v. Apfel*,
           201 F.3d 1084, 1087 (9th Cir. 2000).

18

19      It is the role of the trier of fact, not this court, to resolve

20  conflicts in evidence.  *Richardson,* 402 U.S. at 400.  If evidence

21  supports more than one rational interpretation, the court may not

22  substitute its judgment for that of the Commissioner.  *Tackett*, 180

23  F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

24  Nevertheless, a decision supported by substantial evidence will

25  still be set aside if the proper legal standards were not applied in

26  weighing the evidence and making the decision.  *Brawner v. Secretary*

27  *of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).  If

28  substantial evidence exists to support the administrative findings,

1  or if conflicting evidence exists that will support a finding of
2  either disability or non-disability, the Commissioner's
3  determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-
4  1230 (9th Cir. 1987).

5                          **SEQUENTIAL PROCESS**

6       The Commissioner has established a five-step sequential
7  evaluation process for determining whether a person is disabled.  20
8  C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S.
9  137, 140-42 (1987).  In steps one through four, the burden of proof
10 rests upon the claimant to establish a prima facie case of
11 entitlement to disability benefits.  *Tackett*, 180 F.3d at 1098-99.
12 This burden is met once a claimant establishes that a physical or
13 mental impairment prevents him from engaging in his previous
14 occupation.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  If a
15 claimant cannot do his past relevant work, the ALJ proceeds to step
16 five, and the burden shifts to the Commissioner to show that (1) the
17 claimant can make an adjustment to other work; and (2) specific jobs
18 exist in the national economy which claimant can perform.  *Batson v.*
19 *Commissioner of Social Sec. Admin.,* 359 F.3d 1190, 1193-94 (2004).
20 If a claimant cannot make an adjustment to other work in the
21 national economy, a finding of "disabled" is made. 20 C.F.R. §§
22 404.1520(a)(4)(I-v), 416.920(a)(4)(I-v).

23                              **ISSUES**

24      The question presented is whether substantial evidence exists
25 to support the ALJ's decision denying benefits and, if so, whether
26 that decision is based on proper legal standards.  Plaintiff
27 contends the ALJ erred by (1) failing to find Plaintiff had a severe
28 impairment of his left shoulder at step two and failing to obtain

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

testimony from a medical expert about his shoulder impairment; (2) disregarding the opinions of Dr. Nathan and Dr. Arnold; and (3) failing to call a vocational expert at the administrative hearing. ECF No. 21 at 13-19.

**DISCUSSION**

**A.   Step Two**

Plaintiff contends that the ALJ erred by failing to find that degenerative joint disease in his left shoulder was a severe impairment.   ECF No. 21 at 14-15.   Plaintiff argued that his left shoulder pain interfered with sleep and with chopping wood.   ECF No. 21 at 15.   At step two of the sequential evaluation, the ALJ determines whether a claimant suffers from a "severe" impairment, *i.e.*, one that significantly limits his physical or mental ability to do basic work activities.   20 C.F.R. §§ 404.1520, 416.920(c).   At step two, a claimant must make a threshold showing that his medically determinable impairments significantly limit his ability to perform basic work activities.   See *Bowen*, 482 U.S. 137, 107 S.Ct. 2287, 96 L. Ed. 2d 119; 20 C.F.R. §§ 404.1520(c), 416.920(c). "Basic work activities" refers to "the abilities and aptitudes necessary to do most jobs."   20 C.F.R. §§ 404.1521(b), 416.921(b).

To satisfy step two's requirement of a severe impairment, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice.   20 C.F.R. §§ 404.1508, 416.908.   The fact that a medically determinable condition exists does not automatically mean the symptoms are "severe," or "disabling" as defined by the Social Security regulations.   *See, e.g.*, *Edlund*, 253 F.3d at 1159-60; *Fair*

*v. Bowen*, 885 F.2d 597, 602-03 (9th Cir. 1989); *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985).

In this case, the ALJ found that Plaintiff's left shoulder impingement and degenerative joint disease was non-durational. Tr. 18. An impairment must last twelve months to be found severe. 20 C.F.R. § 404.1509. As the ALJ noted, Plaintiff was successfully treated for left shoulder pain in 2008, and he experienced relief until 2010. Tr. 18; 585. After another injection in February 2010, Plaintiff reported, "almost immediate relief." Tr. 585. Moreover, the record reveals that after eight sessions of physical therapy in 2008, Plaintiff had "full active range of motion." Tr. 503. An impairment that is controlled effectively with treatment is not considered disabling. *See Warre v. Comm'r of Social Security Administration*, 439 F.3d 1001, 1006 (9th Cir. 2006). Plaintiff failed to establish that his shoulder pain constituted a severe impairment that persisted for twelve months and, thus, he failed to establish his shoulder impairment qualified as a severe impairment.

Similarly, Plaintiff argues that the ALJ erred by failing to obtain testimony from a medical expert regarding his shoulder impairment. Although it is within the ALJ's discretion to develop the record if he determines additional evidence (including medical expert testimony) is necessary to resolve a conflict or clear up ambiguity in the record, the decision to call a medical expert for additional evidence on the nature and severity of impairments is required only "[w]hen . . . in the opinion of the [ALJ] or the Appeals Council the symptoms, signs and laboratory findings reported in the case record suggest that a judgment of equivalence may be reasonable." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir.

2001); SSR 96-6p, 1996 SSR LEXIS 3.   In this case, the medical records do not reasonably suggest that Plaintiff meets a Listing, and he offers no plausible theory of equivalency. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31, 110 S.Ct. 885, 107 L. Ed. 2d 967 (1990).   Under these circumstances, the ALJ did not err by failing to obtain testimony from a medical expert regarding Plaintiff's shoulder impairment.

**B.   Medical Opinions**

Plaintiff contends that the ALJ failed to properly consider the opinions of examining Drs. Arnold and Henry.[3] ECF No. 21 at 13-14. Defendant responds by pointing out that the ALJ adopted many of Dr. Henry's findings, and he rejected Dr. Arnold's opinion because it

---

[3]Plaintiff's argument on this issue is abbreviated, at best. Plaintiff provides two sentences of analysis:

> In this case the ALJ gave the opinion of the ME great weight while essentially dismissing the limitations and problems noted by either of the consulting psychologists. The ALJ did not provide the specific, legitimate reasons to dismiss the opinions of either Dr. Nathan [sic] or Dr. Arnold both of whom actually interviewed and tested Foster.

ECF No. 21 at 13-14.   The Ninth circuit "has repeatedly admonished that we cannot 'manufacture arguments for an appellant' and therefore we will not consider any claims that were not actually argued in appellant's opening brief." *Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003), quoting *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994); *see also Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008)(court will not consider issues unless specifically and distinctly argued in opening appellate brief).

1  was inconsistent with other substantial evidence in the record and
2  was not supported by objective medical evidence.  ECF No. 24 at 9-
3  10.

4      As a general rule, more weight should be given to the opinion
5  of a treating source than to the opinion of doctors who do not treat
6  the claimant.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).
7  Where the treating doctor's opinion is not contradicted by another
8  doctor, it may be rejected only for "clear and convincing" reasons.
9  *Id.*  Where the treating doctor's opinion is contradicted by another
10 doctor, the ALJ may not reject this opinion without providing
11 "specific and legitimate reasons" supported by substantial evidence
12 in the record for so doing.  *Murray v. Heckler*, 722 F.2d 499, 502
13 (9th Cir. 1983).

14     The opinion of an examining physician is, in turn, entitled to
15 greater weight than the opinion of a nonexamining physician.  *Pitzer*
16 *v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990).   The Commissioner
17 must provide "clear and convincing" reasons for rejecting the
18 uncontradicted opinion of an examining physician.  *Pitzer*, 908 F.2d
19 at 506.  Where contradicted by another doctor, the ALJ may reject an
20 examining physician's opinions for specific and legitimate reasons
21 that are supported by substantial evidence in the record.  *Andrews*,
22 53 F.3d at 1043.

23     **1.  John Arnold, Ph.D.**

24     The ALJ gave little weight to Dr. Arnold's opinion because it
25 conflicted with the longitudinal record in finding Plaintiff had
26 cognitive limitations, and Dr. Arnold appeared to rely upon
27 Plaintiff's subjective description of his symptoms.  Tr. 21.
28 Inconsistency with the medical record is a specific and legitimate

reason for affording a treating physician's opinion less weight. *Magallanes v. Bowen*, 881 F.2d at 751 (a lack of supporting clinical findings is a valid reason for rejecting a treating physician's opinion). In this case, the medical records from the other sources reveal that Plaintiff's cognitive functioning during the relevant period was not significantly limited, with the exception of the ability to work in coordination with others without being distracted by them. Tr. 414-16; 442; 579. This is a specific and legitimate reason to discount Dr. Arnold's opinion.

Also as the ALJ found, Dr. Arnold administered only the Trail Making objective test during his October 27, 2009, examination of Plaintiff. Tr. 21; 439. In the absence of objective medical tests, it is apparent Dr. Arnold primarily relied upon Plaintiff's subjective complaints to arrive at his opinion. Where a medical source's opinion is based largely on the Plaintiff's own subjective description of symptoms, and the ALJ has discredited the Plaintiff's claim as to those subjective symptoms, the ALJ may reject that opinion. *Fair v. Bowen*, 885 F.2d at 605. In this case, the ALJ discredited Plaintiff's subjective complaints, and the Plaintiff did not appeal the determination of his credibility. As the ALJ noted, Dr. Arnold based his opinion on reported symptoms such as a reported tendency to misperceive harm in benign work situations and grow angry as a result, sleep disturbances which would result in missing work and a slow pace, and difficulty working around co-workers and customers. Tr. 436; 439. Because Plaintiff was not credible, the ALJ properly gave little weight to this opinion that was based upon Plaintiff's subjective complaints. As a result, the ALJ's reasons for giving little weight to Dr. Arnold's opinion were specific and

1  legitimate and supported by the record.[4]

2       **2.   Nathan Henry, Psy.D.**

3       The ALJ extensively reviewed the findings and medical report

4  produced by Dr. Henry.  Tr. 13-15.  In weighing the opinion, the ALJ

5  noted that Dr. Henry opined Plaintiff did not present with

6  psychiatric problems that would completely prevent him from working.

7  Tr. 21.  The form completed by Dr. Henry indicated that cognitively,

8  Plaintiff was moderately limited in his ability to exercise judgment

9  and make decisions.   Tr. 258.   Additionally, he opined that

10 socially, Plaintiff was markedly limited in his ability to respond

11 appropriately and tolerate the pressure and expectations of a normal

12 work setting, and moderately limited in several other social

13 categories.  Tr. 258.

14      In the accompanying narrative report, Dr. Henry explained that

15 Plaintiff's test results revealed no cognitive/neurological

16 impairment, and no problems/deficits related to cognitive

17 flexibility, visual scanning ability or processing speed.  Tr. 263-

18 64.   He also explained that Plaintiff's MMPI-2 test revealed

19 Plaintiff endorsed "an extreme degree of pathology" that consisted

20 of more symptoms than most patients reported, and likely reflected

21 a pattern of exaggeration.   Tr. 265.   Dr. Henry warned that

22 Plaintiff's prognosis was guarded, in light of the "chronic and

23 characterological nature of many of his symptoms and his risk for

24 relapse into substance abuse."  Tr. 266.

25 ─────────────

26      [4]It is notable that Dr. Arnold estimated that Plaintiff would

27 be impaired for six to nine months, less than the durational

28 requirement of one year.  Tr. 440; see 20 C.F.R. § 404.1509.

Dr. Henry concluded in part that Plaintiff's impairments do not preclude him from working.  "Though his personality disorder traits and mood/anxiety symptoms would be expected to impact his ability and/or willingness to obtain and sustain gainful employment, he does not appear to present with severe psychiatric symptoms that might be expected to completely keep him from begin able to work." Tr. 266-67.  The ALJ agreed with Dr. Henry, inasmuch as the ALJ found Plaintiff could sustain gainful employment with some allowances related to Plaintiff's social limitations.  In the absence of specific argument or analysis from Plaintiff explaining or identifying Dr. Henry's opinions that were purportedly rejected by the ALJ, Plaintiff's claim on this issue fails.

**C.    Vocational Experts**

Plaintiff contends that the ALJ erred by failing to obtain testimony from a vocational expert.  ECF No. 21 at 18-19.   In this case, the ALJ found at step four that Plaintiff could perform his past relevant work.  Tr. 22.  Contrary to Plaintiff's assertion, an ALJ is not required to question a vocational expert at step four. Instead, an ALJ *may* consult a vocational expert to determine whether the claimant can return to his or her past work. See 20 C.F.R. § 404.1560(b)(2) ("We may use the services of vocational experts or vocational specialists . . . to obtain evidence we need to help us determine whether you can do your past relevant work, given your residual functional capacity");accord 20 C.F.R. § 416.960(b)(2); see also *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993)(vocational expert testimony at step four useful, but not required); *Crane v. Shalala*, 76 F.3d 251, 255 (9th Cir. 1996) (determination that claimant could perform past work rendered

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

1   vocational expert testimony unnecessary).  Because the decision to

2   consult a VE at step four is discretionary, Plaintiff's assertion

3   that the ALJ was required to call a vocational expert at step four

4   is not persuasive.  The ALJ did not err.

5                              **CONCLUSION**

6        Having reviewed the record and the ALJ's findings, the court

7   concludes the ALJ's decision is supported by substantial evidence

8   and is not based on legal error.  Accordingly,

9   **IT IS ORDERED:**

10       1.   Defendant's Motion for Summary Judgment, **ECF No. 23,** is

11  **GRANTED**.

12       2.   Plaintiff's Motion for Summary Judgment, **ECF No. 20,** is

13  **DENIED.**

14       The District Court Executive is directed to file this Order and

15  provide a copy to counsel for Plaintiff and Defendant.  Judgment

16  shall be entered for **DEFENDANT** and the file shall be **CLOSED.**

17       DATED June 6, 2013.

18

19            _____S/ CYNTHIA IMBROGNO_____

20               UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13